UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PANDORA LOGSDON,**<br>2104 Bryant Street<br>Middletown, Ohio 45042<br><br>        Plaintiff,<br><br>vs.<br><br>**STERLING INFOSYSTEMS, INC.**<br>**Serve: Paracorp Incorporated**<br>**c/o Statutory Agent**<br>**2140 S. Dupont Highway**<br>**Camden, Delaware 19934**<br><br>        Defendant. | CASE NO. 1:13-cv-1123<br><br>JUDGE |

## COMPLAINT

**(Jury Demand Endorsed Hereon)**

### NATURE OF THE ACTION

1.  Plaintiff, Pandora Logsdon ("Logsdon"), brings this action against Defendant, Sterling Infosystems, Inc. ("Sterling") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

### JURISDICTION AND VENUE

2.  The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.  Venue is proper in the Northern District of Ohio because as Sterling operates its domestic headquarters in Independence, Ohio.

## PARTIES

4. Logsdon is and has been a resident of Middletown, Ohio during all periods relative to this complaint and is a consumer as defined by 15 U.S.C. § 1681a.

5. Sterling is a Delaware corporation headquartered in Independence, Ohio and is both a consumer reporting agency ("CRA") and a reseller as defined by 15 U.S.C. § 1681a.

## FACTUAL ALLEGATIONS

6. Indisputably, the FCRA was enacted to ensure the accuracy of consumer reports and to protect consumers from unfair prejudice caused by their arbitrary use.

7. These consumer oriented objectives flood the legislative history of the FCRA, supporting the notion that the act should be liberally construed to the benefit of the consumer.

8. Generally speaking the FCRA, amongst other things, regulates the collection, maintenance, and disclosure of public record information by CRAs.

9. As a CRA, Sterling maintains consumer files which contain public record information concerning, among other things, the criminal record history of consumers.

10. Sterling sells such consumer files to potential employers throughout the United States wishing to investigate the criminal record history, or lack thereof, of job applicants.

11. Under the FCRA, whenever Sterling prepares a consumer report it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

12. Based upon information and belief, despite the clear and unambiguous requirements of the FCRA, Sterling fails to follow reasonable procedures designed to assure maximum possible accuracy of the information contained in the reports they produce and sell for profit.

13. Similarly, the FCRA provides that whenever a CRA furnishes a consumer report containing public record information likely to have an adverse effect on the consumer's ability to obtain employment must, *at the time the information is being reported*, notify the consumer of the fact that public record information is being reported, together with the name and address of the person to whom such information is being reported.

14. Alternatively, the CRA must maintain strict procedures designed to insure that when adverse public record information is reported, that it is complete and up to date.

15. Sterling advertises to its current and prospective clients, "We constantly monitor all sources of legislation through every level of national and international government. As different states have different laws, each State has an informational "Filter" that is applied, ensuring that everything report to you is compliant."

16. Further, Sterling claims, "We **monitor** legislation and regulations, we **update** our processes, and we **inform** you so that you can hire with confidence." *See* http://www.sterlinginfosystems.com/compliance.htm (last visited May 17, 2013).

17. Even more importantly, Sterling openly acknowledges that the FCRA "governs consumer reports and consumer reporting agencies. It protects individuals by stressing the accuracy, fairness and privacy of information in the files of the consumer reporting agency." *Id*.

18. Thus Sterling is aware that the FCRA imposes a statutory obligation to ensure that the information contained in its consumer reports is accurate. *See* 15 U.S.C. § 1681e(b).

19. Additionally, Sterling presumably understands that when adverse public record information is reported for employment purposes, Sterling must notify affected consumer at the same time the adverse information is provided to the consumer's prospective employer -

especially when the public record information is incomplete, or not up to date. *See* 15 U.S.C. § 1681k(a)(1).

20. Despite these clear and unambiguous requirements of the FCRA, Sterling fails to provide contemporaneous notice to consumers of the fact that public record information is being reported, together with the name and address of the person to whom such information is being reported.

21. Moreover, Sterling fails to utilize reasonable procedures to ensure that maximum possible accuracy of the information that it reports. *See* 15 U.S.C. § 1681e(b).

22. Sterling's disregard of its duties clearly violates the FCRA as a matter of law, and exacts serious consequences upon consumers and interstate commerce. Specifically, when inaccurate or misleading criminal record information is reported about a consumer, the information renders the consumer less desirable and less likely to be hired by the employers who purchase Sterling's reports.

23. Sterling's violations of the FCRA have been willful, wanton and reckless in that it knew or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

24. Rather than comply with the duties mandated by the FCRA, Sterling has nonetheless deliberately, willfully, intentionally, and recklessly maintained a policy and practice of disregarding these duties in clear violation of the FCRA.

## **LOGSDON'S EXPERIENCE**

25. On February 29, 2008, Logsdon was convicted of two misdemeanor offenses in Middletown Municipal Court Case Numbers 08CRB00950, 08CRA00046A and 08CRA00046B.

26. On June 4, 2010 the Middletown Municipal Court expunged these convictions from its records, ordering that all official records pertaining to these cases be sealed and all index references deleted as provided by Ohio Revised Code § 2953.32.

27. On or about June 28, 2012, Logsdon applied for employment with Wal-Mart Stores, Inc. ("Wal-Mart") at their Middletown location.

28. As part of the application screening process, Wal-Mart requested a consumer report regarding Logsdon from Sterling on June 28, 2012.

29. That same day, Sterling provided Wal-Mart with a report that inaccurately reported Logsdon's expunged offenses.

30. Sterling waited until July 17, 2012 - nearly 20 days - to notify Logsdon that this adverse public record information had been provided to Wal-Mart.

31. On July 25, 2012, Walmart notified Logsdon that they were denying her employment based in whole or in part on the inaccurate information in the report provided by Sterling.

32. Had Sterling even conducted the most basic internet search of the Middletown Municipal Court records, Sterling would have concluded that the reference case numbers did not exist, and that the adverse public record information should not have been reported.

33. Instead, Sterling merely searched its nationwide database of public record, which is not updated on a regular basis and contains incomplete information that is prohibited from disclosure by the FCRA.

34. Indeed, because Sterling produced a report that contained Logsdon's expunged offenses, it is clear that they do not maintain strict procedures designed to insure that the information they report is complete and up to date. *See* 15 U.S.C. § 1681k(a)(1).

5

35. At all times pertinent hereto, Sterling was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Sterling.

36. At all times pertinent hereto, Sterling's conduct, as well as that of its agents, servants, and/or employees, was intentional, willful, and in reckless disregard of federal laws and the rights of Logsdon.

## COUNT ONE – 15 U.S.C. § 1681e(b)

37. Logsdon realleges and incorporates by reference all preceding allegations of law and fact.

38. Sterling willfully violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in its reports in violation of 15 U.S.C. § 1681n.

39. Alternatively, Sterling negligently violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in its reports in violation of 15 U.S.C. § 1681o.

40. As a result of Sterling's unlawful conduct, Logsdon lost an employment opportunity and has suffered lost wages, emotional distress, shame, embarrassment and humiliation.

41. Logsdon seeks actual damages for these violations pursuant to 15 U.S.C. §§ 1681n and 1681o.

42. Logsdon also seeks punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

6

## COUNT TWO – 15 U.S.C. § 1681k

43. Logsdon realleges and incorporates by reference all preceding allegations of law and fact.

44. Sterling willfully violated 15 U.S.C. § 1681k by failing to notify Logsdon that adverse information was being reported to Wal-Mart at the time such public record information was being reported.

45. Alternatively, Sterling negligently violated 15 U.S.C. § 1681k by failing to notify Logsdon that adverse information was being reported to Walmart at the time such public record information was being reported.

46. As a result of Sterling's unlawful conduct, Logsdon lost an employment opportunity and has thereby suffered lost wages, emotional distress, shame, embarrassment and humiliation.

47. Logsdon seeks actual damages for these violations pursuant to 15 U.S.C. §§ 1681n and 1681o.

48. Logsdon also seeks punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

## JURY TRIAL DEMAND

49. Logsdon demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, Pandora Logsdon, prays that this Court enter judgment in her favor and against Defendant, Sterling Infosystems, Inc., and award her:

A. Actual damages;

B. Punitive damages;

C. Her court costs and attorney fees; and

D. Any other relief this Court deems equitable and just.

        Respectfully submitted,

        STUMPHAUZER | O'TOOLE

By:   /s/ Matthew A. Dooley
       Matthew A. Dooley (0081482)
       Anthony R. Pecora (0069660)
       5455 Detroit Road
       Sheffield Village, Ohio  44054
       Telephone:  (440) 930-4001
       Facsimile:  (440) 934-7208
       Email:  apecora@sheffieldlaw.com
              mdooley@sheffieldlaw.com
       *Counsel for Pandora Logsdon*